1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MARLON CRUMP,                                        No. C06-7793 MJJ

        Plaintiff,                            **ORDER GRANTING IN PART AND
                                                        DENYING IN PART DEFENDANTS'
  v.                                                   MOTIONS TO DISMISS**

CITY OF SAN FRANCISCO and
TENDERLOIN HOUSING CLINIC,

        Defendants.
_____/

**INTRODUCTION**

      Before the Court is Defendant City of San Francisco ("City") and Defendant Tenderloin

Housing Clinic's ("Clinic") (collectively "Defendants") Motions to Dismiss.[1] *Pro se* Plaintiff

Marlon Crump ("Plaintiff") opposes the motions.  For the following reasons, the Court **GRANTS**

Defendant Clinic's motion to dismiss and **GRANTS** in part and **DENIES** in part Defendant City's

motion to dismiss.

**FACTUAL BACKGROUND**

      The material allegations taken from Plaintiff's operative complaint are as follows.

      On October 7, 2005, at approximately 11:50 p.m., two San Francisco police officers entered

the All Star Hotel ("Hotel"), which is managed by Defendant Clinic.  (Complaint ("Compl.") at ¶ 1.)

The officers, Defendants Angel Lozano and Raymond Lee (collectively "Officers"), told the resident

---

[1]Docket No. 14.

**United States District Court**
For the Northern District of California

1    manager on duty, Robert Williams ("Williams"), that they were in hot pursuit of a robbery suspect.

2    (*Id*. at ¶ ¶ 1, 2.)  The Officers described the robbery suspect as a tall black man wearing a long

3    leather coat and they inquired if Williams had seen anyone matching that description.[2]  (*Id*. at ¶ 2.)

4    Williams confirmed the description as that of a tenant, Plaintiff Marlon Crump.  (*Id*. at ¶ 3.)

5         The Officers demanded that Williams provide them with the location and a spare key to

6    Plaintiff's room.  (*Id*.)  Williams told the Officers that he could not provide them with Plaintiff's

7    room key, unless they were in hot pursuit or could produce a valid warrant.  (*Id*.)  The Officers

8    continued to demand a key to Plaintiff's room.  (*Id*. at ¶ 3.)  Subsequently, Williams made an

9    emergency phone call to the general manager of Defendant Clinic, Melissa Bray ("Bray"), seeking

10   authorization to provide the Officers with a key.  (*Id*.)  Bray authorized Williams to provide the

11   Officers with a key to Plaintiff's apartment.  (*Id*.)  The Officers, now joined by additional officers

12   from the Mission District Station, proceeded to Plaintiff's apartment.  (*Id*. at ¶ 4.)

13        Meanwhile, Plaintiff was sitting in his room watching television and preparing to go to the

14   local supermarket.  (*Id*.)  Suddenly, Plaintiff saw his door lock click open and he jumped up in

15   fright.  (*Id*.)  The Officers entered Plaintiff's room with guns drawn and ordered him onto the floor.

16   (*Id*. at ¶ 4.)  Plaintiff complied with their orders and the Officers handcuffed him prior to taking him

17   down the hallway, through the entrance of the building.  (*Id*. at ¶ 5.)  Subsequently, Plaintiff was

18   seated on the front steps of the Hotel and questioned as to his whereabouts that evening, the length

19   of his residency at the Hotel, and his occupation.  (*Id*.)

20        Approximately ten minutes later, a squad car carrying a witness to the robbery drove up to

21   the Hotel to verify if Plaintiff was the robbery suspect.  (*Id*. at ¶ 6.)  Plaintiff was ordered to face

22   four different directions with his long leather overcoat draped over his shoulders.  (*Id*.)  Ten minutes

23   later, another squad car containing a second witness to the robbery drove past the Hotel to confirm

24   whether Plaintiff was indeed the robbery suspect.  (*Id*.)  Both witnesses stated that Plaintiff was not

25   the robbery suspect.  (*Id*.)  Subsequently, Plaintiff was released from custody and Officers returned

26

27        [2]Witnesses to the robbery described the suspect as a black male in his sixties, with a salt and pepper moustache.
     (Compl. at ¶ 13.)  Further, the suspect stood approximately 5'8"-5'9", wore a leather jacket that came down mid-thigh, and
28   tan pants.  (*Id*.)  Plaintiff was twenty-seven years old, did not have grey streaks in his moustache, and stood 6'3" tall.  (*Id*.
     at ¶ 14.)

2

the spare apartment key.  (*Id*.)

Plaintiff claims that his Fourth and Fourteenth Amendment rights were violated when Williams gave the Officers a key to Plaintiff's apartment, and when Officers entered the apartment without a warrant.  (Compl. at p. 1; Plaintiff's Demand for Injunctive Relief, General Damages, and Punitive Damages ("Demand") at ¶ 1.)  Plaintiff has brought the present suit under 42 U.S.C. § 1983.[3]  During a hearing on Defendants' motion, Plaintiff stated his claims to be the following.  As to Defendant Clinic, Plaintiff asserts federal claims for civil rights violations under section 1983[4] and state law claims for a violation of "tenants rights"[5] and "emotional distress."[6]  As to Defendant City, Plaintiff asserts federal claims for civil rights violations under section 1983[7] and state law claims for unlawful entry,[8] false imprisonment,[9] and infliction of emotional distress.[10]

**PROCEDURAL BACKGROUND**

On November 4, 2005, Plaintiff filed his first complaint against Defendant Clinic in the Superior Court of California for the City and County of San Francisco ("Superior Court"), Civil Division regarding the events of October 7, 2005.[11]  (Compl. ¶ 27.)  Plaintiff failed to attend the hearing on Defendant Clinic's demurrer, which was sustained and, subsequently, judgement was entered against Plaintiff with prejudice.  (Declaration of Carol L. Healey ("Healey Dec.") at ¶ 3.)  Thereafter, Plaintiff filed suit against Defendant Clinic based on the same facts in the Superior

---

[3]Although Plaintiff does not expressly state that his claim arises under section 1983, Plaintiff's allegations of deprivation of rights protected under the Constitution are actionable only through that statute.  *See, e.g., Robins v. Harum*, 773 F.2d 1004, 1006 (9th Cir. 1985).  Accordingly, rather than dismiss this action for lack of jurisdiction, the Court will analyze Plaintiff's claim as a section 1983 claim.

[4]*See also* Compl. at ¶¶ 2, 10, 51, 52, 53.

[5]*See also Id*. at ¶ 53.

[6]*See also Id*. at ¶ 34.

[7]*See also Id.* at ¶¶ 2, 5, 10, 52.

[8]*See also Id*. at ¶ 5.

[9]*See also Id*. at ¶¶ 21, 22.

[10]*See also Id*. at ¶¶ 34, 38, 54.

[11]San Francisco County Superior Court, Case No. 05-446393 (filed Nov. 4, 2005).

United States District Court
For the Northern District of California

1   Court, Small Claims Division.[12]  (Compl. at ¶ 27.)  Plaintiff's complaint was dismissed with

2   prejudice.  (*Id.* ¶ 28.)  Plaintiff then filed a second suit against Defendant Clinic in the Superior

3   Court, Civil Division based upon the same facts and allegations raised in his first two suits.[13]  (*Id.* ¶¶

4   29, 30.)  Plaintiff again failed to respond to the demurrer filed by Defendant Clinic and he did not

5   appear at a hearing on the motion.  (*Id.* ¶ 31.)  The court entered judgment for Defendant Clinic

6   dismissing the complaint with prejudice and declared Plaintiff a vexatious litigant, pursuant to

7   motion by Defendant Clinic.  (*Id.* ¶ 32.)  Plaintiff was also required to post a $3,000 bond before

8   filing further causes of action on the same facts.  (*Id.*)  Defendant City was not a party to any of the

9   prior actions filed by Plaintiff in Superior Court.

10          A short summary of Defendants' arguments are as follows.  Defendant Clinic claims that this

11   Court should dismiss this suit because: (1) Plaintiff filed three prior law suits alleging the same

12   causes of action and, therefore, all of Plaintiff's claims are barred by the doctrine of res judicata; (2)

13   Defendant Clinic was a private party and, accordingly, was not an agent of the state for liability

14   under 42 U.S.C. § 1983; and (3) Defendant Clinic was privileged to assist officers in furtherance of

15   their duties.  Defendant City avers that: (1) Plaintiff's state law claims are untimely under the CTCA

16   because he failed to file a complaint within the six-month statute of limitations; and (2) Plaintiff's

17   section 1983 claims are improper because he failed to identify a particular unconstitutional policy of

18   Defendant City for municipality liability under *Monell v. Dep't of Soc. Services*

19                                          **LEGAL STANDARD**

20          A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal

21   sufficiency of a claim.  *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).  Because the focus of a

22   12(b)(6) motion is on the legal sufficiency, rather than the substantive merits of a claim, the Court

23   ordinarily limits its review to the face of the complaint.  *See Van Buskirk v. Cable News Network,*

24   *Inc.*, 284 F.3d 977, 980 (9th Cir. 2002).  Generally, dismissal is proper only when the plaintiff has

25   failed to assert a cognizable legal theory or failed to allege sufficient facts under a cognizable legal

26   _____

27          [12]San Francisco County Superior Court, Small Claims Division, Case No. 818225.

28          [13]San Francisco County Superior Court, Case No. 06-456881 (filed Oct. 11, 2006).  Plaintiff included 42 U.S.C. § 1983 as grounds for relief in his second claim before the Superior Court.  *Id.*

United States District Court
For the Northern District of California

1  theory.  *See SmileCare Dental Group v. Delta Dental Plan of Cal., Inc.*, 88 F.3d 780, 782 (9th Cir.

2  1996); *Balisteri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988); *Robertson v. Dean*

3  *Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984).  Further, dismissal is appropriate only if it

4  appears beyond a doubt that the plaintiff can prove no set of facts in support of a claim.  *See*

5  *Abramson v. Brownstein*, 897 F.2d 389, 391 (9th Cir. 1990).  In considering a 12(b)(6) motion, the

6  Court accepts the plaintiff's material allegations in the complaint as true and construes them in the

7  light most favorable to the plaintiff.  *See Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000).

8  **ANALYSIS**

9  **I.      Defendant Tenderloin Housing Clinic**

10         Defendant Clinic alleges three distinct grounds for dismissal pursuant to Rule 12(b)(6).

11  Defendant Clinic claims that this Court should dismiss this suit because: (1) Plaintiff filed three prior

12  law suits alleging the same causes of action and, therefore, all of Plaintiff's claims are barred by the

13  doctrine of res judicata; (2) Defendant Clinic was a private party and, accordingly, was not an agent

14  of the state for liability under 42 U.S.C. § 1983; and (3) Defendant Clinic was privileged to assist

15  officers in furtherance of their duties.[14]

16         In support of its res judicata argument, Defendant Clinic argues that Plaintiff filed three prior

17  complaints in California state court alleging the same causes of action, involving the same parties,

18  and requesting the same relief.[15]  Thus, the present action is barred by the doctrine of res judicata.

19  Plaintiff claims that the doctrine of res judicata is not applicable to the present case because he was

20  never given a chance to present an oral argument in the prior suits and his theories for relief in the

21  present case are not entirely identical to those alleged before the Superior Court.

22         A challenge based on res judicata grounds may be properly raised in a motion to dismiss

23  pursuant to Rule 12(b)(6).  *Thompson v. County of Franklin*, 15 F.3d 245, 253 (2d. Cir. 1994); *Scott*

24

25  [14]Because this Court Grants Defendant Clinic's motion on the doctrine of res judicata, the Court need not determine whether Defendant Clinic was privileged to assist the Officers in their entry of Plaintiff's apartment or whether Defendant Clinic was a state actor for the purposes of 42 U.S.C. § 1983.

26

27  [15]Defendant Clinic requests this Court to take judicial notice of Plaintiff's prior Superior Court documents pertaining to the prior suits filed against Defendant Clinic.  Under Federal Rules of Evidence, Rule 201, a court may take judicial notice of "matters of public record."  *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001).  Judicially noticed facts "often consist of . . . prior court proceedings . . ."  *Del Puerto Water District v. U.S. Bureau of Reclamation*, 271 F. Supp. 2d 1224, 1232 (E.D. Cal. 2003).  The Court accordingly takes judicial notice of these court documents.

28

United States District Court
For the Northern District of California

*v. Kuhlmann*, 746 F.2d 1377, 1378 (9th Cir. 1984).  Under the doctrine of res judicata, a final judgment on the merits bars further claims by parties or their privities based on the same cause of action.  *See Brown v. Felsen*, 442 U.S. 127 (1979).  A person may be precluded from pursuing a claim if a prior party so closely represented his legal interests as to be his virtual representative.  *See Nordhorn v. Ladish Co., Inc.*, 9 F.3d 1402 (9th Cir. 1993); *Bechtel Petro., Inc. v. Webster*, 636 F. Supp. 486, 498 (N.D. Cal. 1984).  Specifically, a federal action may be barred by the doctrine of res judicata where an earlier lawsuit: (1) involved the same claim as the present suit; (2) reached a final judgment on the merits; and (3) involved the same parties or their privies.  *See Blonder-Tongue Laboratories v. Univ. Of Ill. Found.*, 402 U.S. 313, 323-324 (1971).  "[R]es judicata bars not only all claims that were actually litigated, but also all claims that 'could have been asserted' in the prior action."  *Int'l Union of Operating Engineers-Employers Constr. Indus. Pension, Welfare and Training Trust Funds v. Karr*, 994 F.2d 1426, 1430 (9th Cir. 1993) (citing *McClain v. Apodaca*, 793 F.2d 1031, 1033 (9th Cir. 1986)).  Likewise, "[r]es judicata bars all grounds for recovery that could have been asserted, whether they were or not, in a prior suit between the same parties on the same cause of action."  *Clark v. Bear Stearns & Co.*, 966 F.2d 1318, 1320 (9th Cir. 1992).  "One major function of claim preclusion is to force a plaintiff to explore all the facts, develop all the theories, and demand all the remedies in the first suit."  18 Charles Alan Wright, Arthur R. Miller, and Edward H. Cooper, *Federal Practice and Procedure*, § 4408 (2006).

The Ninth Circuit considers four factors in determining whether successive claims constitute the same cause of action: (1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts.  *Int'l Union of Operating Engineers-Employers*, 994 F.2d at 1429 (citing *Costantini v. Trans World Airlines*, 681 F.2d 1199, 1201-02 (9th Cir. 1982)).  These factors, however, are "tools of analysis, not requirements."  *Id*. at 1430 (citing *Derish v. San Mateo-Burlingame Bd. of Realtors*, 724 F.2d 1347, 1349 (9th Cir. 1983)).  For example, the Ninth Circuit has previously applied the doctrine of res judicata solely on the ground that the two claims arose out of the same transaction, without reaching

1 the other factors. *See id.* at 1430 (citing *C.D. Anderson & Co. v. Lemos*, 832 F.2d 1097, 1100 (9th

2 Cir. 1987)).  Determining whether two events are part of the same transaction is essentially

3 dependent on whether the events are related to the same set of facts and whether the events could

4 conveniently be tried together. *See id.* at 1429 (citing *Western Sys., Inc. v. Ulloa*, 958 F.2d 864, 871

5 (9th Cir. 1992)).

6       Preliminarily, the Court notes that although Plaintiff included a 42 U.S.C. § 1983 claim in his

7 second complaint filed in the Superior Court, which was not present in his first complaint against

8 Defendant Clinic, the Superior Court barred that claim on res judicata grounds because Plaintiff

9 could have asserted the claim in his first complaint. *See Int'l Union of Operating Engineers-*

10 *Employers*, 994 F.2d at 1430.  Moreover, having considered Defendant Clinic's Motion, coupled

11 with a review of the prior Superior Court decisions, this Court finds that the doctrine of res judicata

12 bars all of Plaintiff's claims as to Defendant Clinic.

13       First, Plaintiff's present suit against Defendant Clinic is based upon the same operative facts,

14 the events of October 7, 2005, as his prior suits before the Superior Court.  Moreover, the basis for

15 Plaintiff's present suit, 42 U.S.C. § 1983, was precisely the same basis for relief alleged in his

16 second complaint.[16]  Second, having taken judicial notice of the Superior Court's decision to sustain

17 Defendant Clinic's demurrer with prejudice as to both of Plaintiff's prior complaints,[17] this Court

18 finds that the Superior Court's holding constitutes a final judgment on the merits.[18]  Third, Plaintiff

19 has brought three prior state court proceedings against the same party, Defendant Clinic.

20 Additionally, at the hearing on this matter, Plaintiff conceded that his claims against Defendant

21

22 [16]San Francisco County Superior Court, Case No. 06-456881 (filed Oct. 11, 2006).  Plaintiff included 42 U.S.C. § 1983 as grounds for relief in his second complaint before the Superior Court.  *Id.*

23

24 [17]Plaintiff states that he failed to file oppositions and attend the hearings on the demurrers because he was preoccupied with weekly meetings to address his post-traumatic stress disorder.  Compl. at ¶ 33.

25 [18]Federal courts apply the doctrine of res judicata to a state court judgment to the same extent that courts of that state would apply the doctrine. *Eichman v. Fotomat Corp.*, 759 F.2d 1434, 1438 (9th Cir. 1985); *Moore v. City of Costa Mesa*,

26 678 F. Supp. 1448, 1450 (C.D. Cal. 1987).  Under California law, a superior court judgment on an order sustaining a demurrer without leave to amend is a final judgment on the merits for purposes of res judicata analysis. *Crowley v. Modern Faucet*

27 *Manufacturing*, 44 Cal. 2d 321, 323 (1955).  *See also Palomar Mobilehome Park Ass'n v. City of San Marcos,* 989 F.2d 362, 364 (9th Cir. 1993) (recognizing that in California, a demurrer without leave to amend is always a final judgment on the

28 merits, and when a court finds that the facts alleged do not establish a cause of action, res judicata applies).  "The fact that a plaintiff requests a different type of relief, or even presents a different legal theory, does not negate or lessen the binding effect of the previous state court judgment."  *Moore,* 678 F. Supp. at 1450.

*United States District Court*
For the Northern District of California

1   Clinic were barred by res judicata.  Because Plaintiff fails to state a claim on which relief can be

2   granted, the Court **GRANTS** Defendant Clinic's motion to dismiss on the doctrine of res judicata as

3   to all claims against Defendant Clinic.  The Court **DISMISSES** all of Plaintiff's claims against

4   Defendant Clinic **WITH PREJUDICE**.

5   **II.      Defendant City of San Francisco**

6          Defendant City moves to dismiss Plaintiff's complaint pursuant to Rule 12(b)(6) on two

7   grounds.  Defendant City argues that: (1) Plaintiff's state law claims are untimely under the CTCA

8   because he failed to file a complaint within the six-month statute of limitations; and (2) Plaintiff's

9   section 1983 claims are improper because he failed to identify a particular unconstitutional policy of

10  Defendant City for municipality liability under *Monell v. Dep't of Soc. Services*, 436 U.S. 658

11  (1978).

12         **A.      Timeliness Under California Tort Claims Act**

13         Defendant City argues that Plaintiff's state law claims must be dismissed because he failed to

14  file suit within six-months of Defendant City's denial of his claim pursuant to the CTCA.  Plaintiff

15  claims that on March 22, 2006, he filed a *pro se* complaint in this Court, which was dismissed *sua*

16  *sponte* for failure to state a cognizable claim and subsequently for failure to pay this Court's filing

17  fee.[19]  Therefore, Plaintiff avers that he filed suit within the six-month time period under the CTCA.

18         The CTCA is found at California Government Code §§ 900 et seq.  Under California

19  Government Code § 911.2, "[a] claim relating to a cause of action for death or for injury to person or

20  to personal property . . . shall be presented [to the public entity] . . . not later than six months after

21  the accrual of the cause of action."  *Id.*  Additionally, California Government Code § 945.4 provides

22  that "no suit for money or damages may be brought against a public entity on a cause of action for

23  which a claim is required to be presented . . . until a written claim therefor has been presented to the

24  public entity and has been acted upon by the board, or has been deemed to have been rejected by the

25  board . . . ."  Cal. Gov. Code § 945.4; *see Hart v. Alameda County*, 76 Cal. App. 4th 766, 778 (Cal.

26  Ct. App. 1999).  Finally, section 945.6 provides that, "any suit brought against a public entity on a

27  cause of action for which a claim is required to be presented . . . must be commenced, if written

28

[19]Opposition at ¶ 11 (Case No. C 06-2141 MJJ).

*United States District Court*
For the Northern District of California

notice is given in accordance with section 913, not later than six months after the date such notice is personally delivered or deposited in the mail." Cal. Gov. Code § 945.6. "[T]he combined effect of sections 911.2 and 945.6 is that a claim for a personal injury action against a public entity must be presented within six months of the injury; and if the claim is denied, suit must be filed within six months of the date of denial." *Schmidt v. Southern California Rapid Transit Dist.*, 14 Cal. App. 4th 23, 25-26, 17 Cal. Rptr. 2d 340 (1993) (emphasis added). If a claimant fails to timely file a claim with the public entity, and the claim is consequently rejected by the public entity for that reason, courts are without jurisdiction to hear the claimant's cause of action. *Greyhound Lines, Inc. v. County of Santa Clara*, 187 Cal. App. 3d 480, 487 (1986); *Moyer v. Hook*, 10 Cal. App. 3d 491, 492-93 (Cal. Ct. App. 1970); *Carr v. State of Cal.*, 58 Cal. App. 3d 139, 144-46 (Cal. Ct. App. 1976); *Williams v. Mariposa County Unified Sch. Dist.*, 82 Cal. App. 3d 843, 848-49 (Cal. Ct. App. 1978).

Here, Defendant City denied Plaintiff's tort claims on December 14, 2005. Subsequently, Plaintiff filed a complaint in this Court on March 22, 2006, naming the City of San Francisco as a Defendant. This Court dismissed Plaintiff's complaint, *sua sponte*, for failure to state a cognizable claim and failure to pay a filing fee. Rather than amending his previous complaint, Plaintiff filed a new complaint in this Court on December 20, 2006. Although Plaintiff filed his original complaint against Defendant City within the six-month time period,[20] the present complaint was filed outside the six-month window. However, the Court will relate the date of the present complaint back to the date of Plaintiffs first complaint. Therefore, Plaintiff first complaint filed in this Court was timely for the purposes of the CTCA. Accordingly, this Court **DENIES** Defendant City's motion to dismiss Plaintiff's state law claims.

---

[20]The relation back provisions of state law generally govern federal § 1983 actions in which the state statute of limitations is applied. *See Merritt v. County of Los Angeles*, 875 F.2d 765, 768 & n. 5 (9th Cir. 1989). Under California Law, an amended complaint relates back to the original complaint and avoids the bar of the statute of limitations if recovery is sought in both pleadings on the same general set of facts. *See Austin v. Massachusetts Bonding & Ins. Co.*, 56 Cal. 2d 596, 600 (1961). The two pleadings seek recovery on the same general set of facts if the complaint and the amendment refer to the same incident and injury. *See Carrier Corp. v. Detrex Corp.*, 4 Cal. App. 4th 1522, 1530 (1992); *Espinosa v. Superior Court*, 202 Cal. App. 3d 409, 414 (1988). Here, Plaintiff's first suit before this Court, filed on April 3, 2006, was based on the same facts and included the same parties as the present suit. Therefore, this Court will treat Plaintiff's present complaint as an amended complaint from Plaintiff's prior suit. As such, Plaintiff's present complaint relates back to his complaint filed on March 22, 2006.

**B.    *Monell* Liability**

Defendant City avers that although Plaintiff has named Defendant City in his section 1983 claims, Plaintiff has failed to identify an official custom, practice, or policy of Defendant City that caused the constitutional violation.  Therefore, Defendant City argues that this Court should dismiss Plaintiff's section 1983 claims.  Plaintiff acknowledges that he has failed to state a *Monell* claim in his current Complaint,[21] but argues that *Monell* does not apply to the present case.[22]

Local governments are "persons" subject to suit for "constitutional tort[s]" under 42 U.S.C. § 1983.[23]  *Haugen v. Brosseau*, 339 F.3d 857, 874 (9th Cir. 2003) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 n. 55 (1978)).  "[T]he legislative history of the Civil Rights Act of 1871 compels the conclusion that Congress did intend municipalities and other local government units to be included among those persons to whom § 1983 applies."  *Monell*, 436 U.S. at 690.  Local governments can be sued for monetary, declaratory, or injunctive relief where such suits arise out of unconstitutional actions that implement or execute a "policy statement, ordinance, or decision officially adopted and promulgated by that body's officers. . . ."  *Id.* 690-91.  If no official policy exists, "customs and usages" may fulfill this element of a Section 1983 claim against a local government.  *Id.*

A local government's liability is limited, however.  Although a local government can be held liable for its official policies or customs, it will not be held liable for an employee's actions outside of the scope of these policies or customs.  "A municipality cannot be held liable solely because it employs a tortfeasor - or, in other words, a municipality cannot be held liable under § 1983 on a respondeat superior theory."  *Monell*, 436 U.S. at 691.  "A local government may not be sued under

---

[21]*See* Plaintiff's Opposition to Defendant City's Motion to Dismiss at ¶ 2.

[22]Plaintiff incorrectly argues that the *Monell* standard does not apply to his claims against Defendant City; however, the Court finds that this argument is misplaced because Defendant City is a local government organization within the meaning of *Monell*.  *See Monell* 436 U.S. at 690.

[23]"There is certainly no constitutional impediment to municipal liability.  'The Tenth Amendment's reservation of nondelegated powers to the States is not implicated by a federal-court judgment enforcing the express prohibitions of unlawful state conduct enacted by the Fourteenth Amendment.'"  *Monell*, 436 U.S. 691 (quoting *Milliken v. Bradley*, 433 U.S. 267, 291 (1977)).  There is no "basis for concluding that the Eleventh Amendment is a bar to municipal liability."  *Id.* (citing *Fitzpatrick v. Bitzer*, 427 U.S. 445, 456 (1976); *Lincoln County v. Luning*, 133 U.S. 529, 530 (1890)).

10

§ 1983 for an injury inflicted solely by its employees or agents.  Instead, it is when execution of a government's policy or custom, whether made by its law-makers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Id*. at 694.

To prevail on a section 1983 complaint against a local government under *Monell*, a plaintiff must satisfy a three-part test: (1) The local government official(s) must have intentionally violated the plaintiff's constitutional rights; (2) The violation must be a part of policy or custom and may not be an isolated incident; and (3) A nexus must link the specific policy or custom to the plaintiff's injury.  *See Monell*, 436 U.S. at 690-92.

Presently, Plaintiff alleges that two named San Francisco police officers violated his constitutional rights when the Officers procured a key from Williams and entered Plaintiff's residence.[24]  Further, Plaintiff cites to numerous sections of the internal San Francisco Police Department General Orders that the Officers allegedly violated when they removed Plaintiff from his apartment.  (*See* Compl. at ¶¶ 16, 21.)  However, having liberally assessed Plaintiff's allegations set forth in his complaint, the Court finds that Plaintiff has failed to state a cause of action as to Defendant City's section 1983 liability under the *Monell* standard.

First, Plaintiff has not established that Defendant City, as a local government, intentionally violated his constitutional rights.  Conversely, other than the two individual San Francisco Police Officers named in the complaint, Plaintiff has failed to identify a particular local governmental official or agency that has allegedly promulgated an unconstitutional policy.  Second, Plaintiff has failed to establish that the alleged constitutional violation was part of a policy or custom, rather than an isolated incident.  To the contrary, Plaintiff does not deny his failure to state a basis for *Monell* liability in his current complaint.[25]  Moreover, Plaintiff argues that a constitutional violation is evident because the Defendant Officers failed to conform to their own departmental policies.[26]  Such

---

[24]Defendant City notes that contrary to the summons, which according to this Court's docket was returned executed on February 16, 2007, the individual officers have not been served.  (*See* Defendant City's Motion to Dismiss at ¶ 4.)

[25]Opposition at ¶ 2.

[26]Opposition at ¶ 8.

United States District Court

For the Northern District of California

**United States District Court**
For the Northern District of California

1  a contention implies that it was the failure to adhere to a particular policy that resulted in a

2  constitutional violation, not that a particular policy of Defendant City is unconstitutional.  Finally,

3  because Plaintiff failed to identify a policy, practice, or custom that resulted in a violation of his

4  constitutional rights, he has also failed to establish the third element for liability under the *Monell*

5  standard, the nexus between the policy and Plaintiff's injury.  Without an alleged unconstitutional

6  policy, one cannot establish a nexus to an injury.  Therefore, Plaintiff has failed to state a section

7  1983 claim on which relief can be granted and, accordingly, this Court **GRANTS** Defendant City's

8  motion to dismiss.  The Court **DISMISSES** Plaintiff's section 1983 claims against Defendant City

9  **WITHOUT PREJUDICE**.

10                                      **CONCLUSION**

11         For the foregoing reasons, the Court finds that Plaintiff has failed to state a 42 U.S.C. § 1983

12  claim on which relief can be granted as to both Defendants.  Accordingly, the Court **GRANTS**

13  Defendant Clinic's  motion to dismiss and **DISMISSES** all of Plaintiff's claims against Defendant

14  Clinic **WITH PREJUDICE**.  Further, the Court **GRANTS** Defendant City's motion to dismiss as to

15  Plaintiff's section 1983 claims and **DISMISSES** these claims **WITHOUT PREJUDICE**.

16  However, the Court **DENIES** Defendant City's motion to dismiss as to Plaintiff's state law claims.

17  Plaintiff shall have twenty days from the filing date of this order to file an amended complaint

18  against Defendant City.

21  **IT IS SO ORDERED.**

24  Dated: April 17, 2007

25                                                          MARTIN J. JENKINS
                                                            UNITED STATES DISTRICT JUDGE