IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARLON CRUMP,<br><br>    Plaintiff,<br><br>  v.<br><br>THE CITY AND COUNTY OF SAN FRANCISCO,<br><br>    Defendant. | No. C06-07793 MJJ<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS AND DENYING DEFENDANT'S MOTION TO STRIKE** |

**INTRODUCTION**

Before the Court is Defendant City and County of San Francisco's ("Defendant's" or "the City's") Motion to Dismiss.[1] *Pro se* Plaintiff Marlon Crump ("Plaintiff") opposes the motion. For the following reasons, the Court **GRANTS IN PART AND DENIES IN PART** Defendant's Motion to Dismiss and **DENIES** Defendant's Motion to Strike.

**FACTUAL BACKGROUND**

The material allegations taken from Plaintiff's First Amended Complaint are as follows.

On October 7, 2005 Officers Angel Lozano and Raymond Lee entered the AllStar Hotel while in pursuit of a robbery suspect. (Pl.'s First Am. Compl. ("FAC") at ¶ 20.) The officers gave a description of the suspect to the manager on duty at the hotel, who then identified a tenant, Plaintiff, as matching that description. After repeated demands to cooperate, the manager eventually

---

[1] Docket No. 50.

acquiesced to the officers' request for Plaintiff's room key. (*Id.* at ¶¶ 23-25.) Upon obtaining the key, Officers Lozano and Lee, as well as "[n]early a dozen officers" who arrived to assist, proceeded to Plaintiff's room heavily armed. (FAC at ¶ 26.)

The officers entered Plaintiff's room with their guns drawn. (*Id.* at ¶ 27.) Shouting obscenities, the officers forced Plaintiff to lie "spread-eagle" on his bed before handcuffing him and parading him through the building in full view of his neighbors. (*Id.* at ¶ 28.) After some questioning, the officers took Plaintiff outside and presented him in front of a police vehicle twice, so that each time a robbery witness could identify him as the suspect at large from within the car. (*Id.* at ¶¶ 29-31.) Both robbery witnesses, however, confirmed that Plaintiff was not the suspect. (*Id.* at ¶ 32.) Subsequently, a police supervisor ordered over the radio that Plaintiff be released, and Officer Lozano returned the spare room key to Plaintiff. (*Id.*)

## PROCEDURAL BACKGROUND

On December 20, 2006, Plaintiff filed his original complaint with this Court. Plaintiff alleged several constitutional and state law violations against Officers Lozano and Lee, the operator of the AllStar Hotel, and Defendant. On April 17, 2007, this Court dismissed with prejudice Plaintiff's claims against the operator of the hotel on res judicata grounds. In that order, the Court also dismissed with leave to amend Plaintiff's constitutional claims[2] against Defendant because Plaintiff failed to properly assert § 1983 liability against a municipality under *Monell v. Department of Social Services*, 436 U.S. 658 (1978).

Plaintiff amended his complaint on May 7, 2007. In his First Amended Complaint, Plaintiff adds the San Francisco Police Department and between 1 and 100 other unknown police sergeants and officers as defendants, and organizes his claims into five causes of action. (FAC at ¶¶ 8-10, 52-102.) In his first cause of action, Plaintiff asserts civil rights claims arising under 42 U.S.C. §§ 1983 and 1985 and California Civil Code § 52.1 against Officers Lozano and Lee and Does 1-100 (together "the Individual Defendants"). (FAC at ¶¶ 52-65.) In his second cause of action, Plaintiff asserts false arrest and intentional infliction of emotional distress claims against the Individual Defendants and the San Francisco Police Department ("SFPD"). (FAC at ¶¶ 68-71.) In his third

---

[2] The Court interpreted Plaintiff's general constitutional violations as an assertion of claims under 42 U.S.C. § 1983.

2

cause of action, Plaintiff asserts assault and battery and excessive force claims against the Individual Defendants and the SFPD. (FAC at ¶¶ 72-78.) In his fourth cause of action, Plaintiff asserts civil rights claims arising under 42 U.S.C. §§ 1983 and 1985 against the SFPD, and civil rights claims arising under 42 U.S.C. § 1986 and California Civil Code § 52.1 against all defendants. (FAC at ¶¶ 79-85.) Finally, in his fifth cause of action, Plaintiff asserts additional claims against all defendants arising under 42 U.S.C. §§ 1985, 1986 and California Civil Code § 52.1 for acts of racial profiling. (FAC ¶¶ 103-115.)

In the current motion, Defendant challenges Plaintiff's amended first and fourth causes of action under Rule 12(b)(6), for failure to state a claim upon which relief may be granted. In the alternative, Defendant also moves to strike evidence and exhibits from the First Amended Complaint.

In its opening brief, Defendant moved to dismiss Plaintiff's complaint only "to the extent they purport to state causes of action under 42 U.S.C. § 1983." (Def.'s Mem. of P. & A. at 2:6, 3:11.) However, in its reply, Defendant, for the first time, argued that Plaintiff also does not state a cognizable legal theory under §§ 1985 and 1986. Rather than require Defendant to bring an additional motion, the Court granted Plaintiff leave to file a surreply to respond to Defendant's new arguments pertaining to Plaintiff's §§ 1985 and 1986 claims. Both in his surreply and at oral argument, Plaintiff conceded that he no longer wishes to pursue his §§ 1985 and 1986 claims. Therefore, the Court **GRANTS** Defendant's motion as to the §§ 1985 and 1986 causes of action.

**LEGAL STANDARD**

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a claim. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Because the focus of a Rule 12(b)(6) motion is on the legal sufficiency, rather than the substantive merits of a claim, the Court ordinarily limits its review to the face of the complaint. *See Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002). In considering a Rule 12(b)(6) motion, the Court accepts the plaintiff's material allegations in the complaint as true and construes them in the light most favorable to the plaintiff. *See Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000).

3

1  Generally, dismissal is proper only when the plaintiff has failed to assert a cognizable legal theory or
2  failed to allege sufficient facts under a cognizable legal theory. *See SmileCare Dental Group v.*
3  *Delta Dental Plan of Cal., Inc.*, 88 F.3d 780, 782 (9th Cir. 1996); *Balisteri v. Pacifica Police Dep't*,
4  901 F.2d 696, 699 (9th Cir. 1988); *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th
5  Cir. 1984). In pleading sufficient facts, however, a plaintiff must suggest his or her right to relief is
6  more than merely conceivable, but plausible on its face. *See Bell Atlantic Corp. v. Twombly*, 127
7  S.Ct. 1955, 1974 (2007).

**ANALYSIS**

**A.    *Monell* Liability under 42 U.S.C. § 1983[3]**

Defendant contends that Plaintiff fails to properly state a *Monell* claim against the City. Specifically, Defendant argues that Plaintiff has not alleged that any official custom, practice, or policy caused injury to his constitutional rights. (Def.'s Mem. of P. & A. at 2.)

Section 1983 creates a cause of action against any "person" who, acting under color of state law, deprives another of rights and privileges under the Constitution and laws of the United States. *Ulrich v. City and County of S.F.*, 308 F.3d 968, 983 (9th Cir. 2002). The term "persons" for the purposes of § 1983 includes local municipalities enforcing state law. *Id.* However, a municipality cannot be held vicariously liable under § 1983 for the actions of its employees alone. *Monell*, 436 U.S. at 691. Rather, the municipality itself must be responsible for the constitutional violation through execution of either "a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers" or a widespread "governmental 'custom' even though such a custom has not received formal approval through the body's official decisionmaking channels." *Id.* at 690-91.

The policy or custom in question need not even affirmatively deny a constitutional right. A municipality can be liable, for example, if it maintains a policy of *inaction* that amounts to a failure

---

[3] Defendant moves to dismiss the § 1983 claims against the SFPD as an action against it since a police department is not a "municipalit[y] or other local government unit" within the definition of "person" under § 1983. *See Monell*, 436 U.S. at 690. Though *pro se* Plaintiff concedes that he cannot assert a *Monell* claim against the city based on his understanding of this Court's prior dismissal (*see* Pl.'s Opp'n at 5:23-28, 6:10-15), his assertion of a § 1983 claim against the SFPD (FAC at ¶¶ 79-80) evinces an intent on his part to hold the municipality liable through the policy making decisions of its police department. Therefore the Court interprets *pro se* Plaintiff's claims against the SFPD as a claim against Defendant.

4

to protect constitutional rights. *Oviatt v. Pearce*, 954 F.2d 1470, 1474 (9th Cir. 1992) (*citing City of Canton v. Harris*, 489 U.S. 378, 388 (1989)). In particular, if a city fails to train its police officers in such a way as to be deliberately indifferent to the constitutional rights of its citizens, the city may be liable when such failure causes a constitutional injury. *City of Canton*, 489 U.S. at 390. In either case, finding liability for a municipality for failure to act requires the following elements: (1) the plaintiff had a constitutional right which was deprived; (2) the municipality had a policy; (3) this policy "amount[ed] to deliberate indifference" to plaintiff's constitutional right; and (4) that the policy is the "moving force" behind the violation of the constitutional right. *Oviatt*, 954 F.2d at 1474 (*citing City of Canton*, 489 U.S. at 389-91).

Despite the requirement that a municipal be directly liable, allegations under § 1983 do not impose heightened pleading standard. *See Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 164, 168 (1993). Rather, claims against municipalities under § 1983 operate under the "notice" pleading standard set out in Federal Rule of Civil Procedure 8(a)(2), which only requires the pleader give the defendant "fair notice what the plaintiff's claim is" and "the grounds upon which it rests." *Id.* (*quoting Conley v. Gibson*, 355 U.S. 41, 78 (1957), *abrogated on other grounds by Twombly*, 127 S.Ct. 1955). This is especially true for complaints drafted by *pro se* plaintiffs, which are held to even more relaxed standards than those prepared by lawyers. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980).

Defendant does not challenge that Plaintiff has alleged a constitutional injury. Instead, Defendant argues that Plaintiff has failed to establish a nexus between his injury and some formal policy or custom of the City.

While Plaintiff does not point to a formal city policy or decision, he does allege direct liability against the City for its failure to act in the face of "rampant unwarranted police intrusions." (FAC at ¶ 35.) In naming the SFPD as a defendant, Plaintiff states, "the acts committed by Officer Lozano and Officer Lee were due to *inadequate supervision, training, or swift discipline by their superior commanding personnel.*" (*Id.* at ¶ 8 (emphasis added).) Plaintiff also claims, in his fourth cause of action, that the SFPD "*by failing to intervene*, conspired for the purpose of depriving plaintiff, directly or indirectly, the equal protection of the laws" and that the City of San Francisco

5

>had the power to stop and/or aid in preventing the conspiracy and/or conspiracies by said other defendants and/or each of them, as alleged herein, *but instead maintained customs, policies, and/or practices which encouraged authorized, condoned, ratified, failed to prevent, and/or failed to aid in the prevention of the wrongs* conspired to be done by said other defendants and/or each of them, as alleged herein.

(*Id.* at ¶¶ 79-81 (emphasis added).) Plaintiff further clarifies in his complaint that "rampant police misconduct has been a widespread problem, for years, within the city and *not just an isolated incident* involving Marlon Crump and said defendants [Officers Lozano and Lee]." (*Id.* at ¶ 85 (emphasis added).)

Under the appropriate liberal construction, these statements in the complaint are sufficient to establish the policy and nexus prongs of a *Monell* claim. Plaintiff specifically alleges that the conduct of the officers was not an isolated incident (*Id.* at ¶ 85), putting Defendant on notice that its continued failure to respond to the alleged widespread unconstitutional practices of its police officers amounts to an official policy or custom actionable under § 1983. In addition, Plaintiff properly alleges that the "moving force" behind the violations was a policy to ignore police misconduct (*Id.* at ¶¶ 79-81) or, in the alternative, a failure to properly train and discipline police officers (*Id.* at ¶ 8).

Plaintiff is not required at this stage in the litigation to state with any extra specificity the nature and extent of this *de facto* policy of inaction by Defendant. *See Leatherman* 507 U.S. 164. Therefore, the Court **DENIES** Defendant's Motion to Dismiss Plaintiff's § 1983 claims against the City.

**B.    Motion to Strike**

Defendant also moves to strike under Rule 12(f) all evidentiary materials from Plaintiff's complaint. However, in its briefing to the court, Defendant does not specify which portions of the complaint are offensive, nor provide any supporting authority or arguments on the matter.[4] Because there is no adequate basis on which to rule on this Motion, the court **DENIES** Defendant's Motion to Strike without prejudice.

**C.    Organization of Pleading**

At oral argument, Plaintiff acknowledged to this Court that his pleading stated redundant

---

[4] Defendant also failed to raise the issue at oral argument.

6

1 claims and bundled counts that would be more properly listed as separate causes of action.  The
2 Court therefore **GRANTS LEAVE TO AMEND** Plaintiff's complaint in the following manner: (1)
3 combine the § 1983 claims against Defendant and the Individual defendants into the first cause of
4 action; (2) list the individual state law tort claims in separate and successive causes of action; and (3)
5 put forward the California Civil Code § 52.1 constitutional claims as his final cause of action.
6 Plaintiff shall have until **August 10, 2007** to amend his complaint.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS IN PART** and **DENIES IN PART** Defendant's Motion to Dismiss and **DENIES** Defendant's Motion to Strike.

**IT IS SO ORDERED.**

Dated: August_ 1 , 2007

MARTIN J. JENKINS
UNITED STATES DISTRICT JUDGE