IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARLON CRUMP,<br><br>    Plaintiff, In Pro Per<br><br>v.<br><br>THE CITY AND COUNTY OF SAN FRANCISCO, ANGEL LOZANO and RAYMOND LEE<br><br>    Defendants. | No. C06-07793 MJJ<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS AND DENYING DEFENDANT'S MOTION TO STRIKE** |

## INTRODUCTION

Before the Court is Defendant City and County of San Francisco's ("Defendant" or "the City") Motion to Dismiss the Second Cause of Action and All Other Putative Causes of Action for Anything Other than 42 U.S.C. § 1983 and the State Tort and Constitutional Law Claims, i.e., False Detention, False Arrest, False Imprisonment, and violation of California Civil Code § 52.1. (Docket No. 64.) *Pro se* Plaintiff Marlon Crump ("Plaintiff") opposes the motion. For the following reasons, the Court **GRANTS IN PART AND DENIES IN PART** Defendant's Motion to Dismiss and **DENIES** Defendant's Motion to Strike.

## PROCEDURAL AND FACTUAL BACKGROUND

On July 31, 2007, this Court granted in part and denied in part the City's Motion to Dismiss and denied the City's Motion to Strike Plaintiff's First Amended Complaint ("FAC"). This Court

ordered Plaintiff to amend his FAC no later than August 10, 2007, in the following manner: (1) combine the 42 U.S.C. § 1983 claims against Defendant and Individual defendants into the first cause of action; (2) list the individual state law tort claims in separate and successive causes of action; and (3) put forward the California Civil Code § 52.1 constitutional claims as his final cause of action. (Docket No. 61.)

Plaintiff filed his Second Amended Complaint ("SAC") on August 7, 2007. (Docket No. 63.) In his SAC, Plaintiff asserts four numbered causes of action and two unnumbered causes of action. (SAC at 7-8.) In his first cause of action, Plaintiff asserts civil rights claims arising under 42 U.S.C. § 1983 against Officers Lozano and Lee, Does 1-100 (together "the Individual Defendants"), and the City. (SAC at 25-30.) In his second cause of action, Plaintiff asserts a claim of racial profiling against Officers Lozano and Lee and the City under Title I of an alleged federal prohibition of racial profiling, located specifically in Section 2 of the "End Racial Profiling Act of 2004." (SAC at 30-36.) In his third cause of action, Plaintiff asserts claims of assault and battery, as well as use of firearms and excessive force, against the Individual Defendants under California Civil Code §§ 51.7 and 52.1. (SAC at 37-41.) In his fourth cause of action, Plaintiff asserts claims of false detention, false arrest, and false imprisonment under California Civil Code §§ 51.7 and 52.1. (SAC at 41-44.) In the first unnumbered cause of action, Plaintiff also asserts claims of falsifying evidence and bribing, influencing, intimidating, or threatening witnesses in violation of California Penal Code § 132. (SAC at 45-50.) In a second unnumbered cause of action, Plaintiff asserts a claim of violating his substantive due process. (SAC at 56.)

In this Motion, Defendant challenges Plaintiff's amended second cause of action and both unnumbered causes of action under Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim upon which relief may be granted and for violating the Court's prior order. Defendant does not challenge Plaintiff's § 1983 or state law claims. In the alternative, Defendant also moves to strike portions of the SAC that are redundant, immaterial, impertinent, unnecessary, and, in some instances, in direct violation of the Court's prior order.

//
//

**LEGAL STANDARD**

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a claim. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Because the focus of a Rule 12(b)(6) motion is on the legal sufficiency, rather than the substantive merits of a claim, the Court ordinarily limits its review to the face of the complaint. *See Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002). In considering a Rule 12(b)(6) motion, the Court accepts the plaintiff's material allegations in the complaint as true and construes them in the light most favorable to the plaintiff. *See Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000). Generally, dismissal is proper only when the plaintiff has failed to assert a cognizable legal theory or failed to allege sufficient facts under a cognizable legal theory. *See SmileCare Dental Group v. Delta Dental Plan of Cal., Inc.*, 88 F.3d 780, 782 (9th Cir. 1996); *Balisteri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988); *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984). In pleading sufficient facts, however, a plaintiff must suggest his or her right to relief is more than merely conceivable, but plausible on its face. *See Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1974 (2007).

**ANALYSIS**

**A.     Motion to Dismiss**

Courts have a duty to construe *pro se* pleadings liberally. *See Bernhardt v. Los Angeles County*, 339 F.3d 920, 925 (9th Cir. 2003) (citing *Zichko v. Idaho*, 247 F.3d 1015, 1020 (9th Cir. 2001)). Before a district court can dismiss a *pro se* litigant's complaint, the court must provide the litigant with notice of the deficiencies and an opportunity to amend the complaint effectively. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992).

The Court notes that Plaintiff made a sincere effort to follow the Court's instructions in crafting his SAC. Plaintiff correctly asserts his civil rights claims arising under 42 U.S.C. § 1983 as his first cause of action. Plaintiff also correctly includes his state law claims as successive causes of action. His third cause of action is for assault, battery, use of firearms and excessive force pursuant to California Civil Code §§ 51.7 and 52.1. His fourth cause of action, pursuant to the same California statute, is for false detention, false arrest, and false imprisonment.

1   However, Plaintiff failed to follow the Court's explicit instructions in two important respects.
2   First, Plaintiff asserts as his second amended cause of action a claim of racial profiling against
3   Officers Lozano and Lee and the City under Title I of an alleged federal prohibition of racial
4   profiling.  Second, in two unnumbered causes of action appearing later in the complaint, Plaintiff
5   also asserts (1) claims of falsifying evidence and bribing, influencing, intimidating, or threatening
6   witnesses in violation of California Penal Code § 132; and (2) a claim for violation of substantive
7   due process.  By including these claims in his SAC, Plaintiff disregarded the Court's explicit
8   instructions on how to organize his pleading.  The Court could find sufficient grounds to dismiss
9   these additional claims for Plaintiff's failure to follow the Court's directions.

10   However, even if the Court looked beyond Plaintiff's failure to follow directions and
11   addressed the merits of the additional claims put forth in the SAC, the amended pleading remains
12   deficient.  First, Plaintiff has failed to assert a cognizable legal theory in accusing Defendant of
13   violating the "End Racial Profiling Act of 2004."  The Court can find no record or authority to
14   sustain a claim for a violation of the "End Racial Profiling Act."  The statute cited by Plaintiff has
15   not yet been enacted into law.  As to Plaintiff's unnumbered cause of action under California Penal
16   Code § 132, that statute does not provide for a private right of action.[1]  Even under the appropriate
17   liberal construction for *pro se* litigants, both of these causes of action are wholly insufficient as
18   written to establish a cognizable legal claim.

19   Plaintiff's substantive due process claim, however, appears to be related to his claim under §
20   1983.  Additionally, the substantive due process claim does not appear as a separate cause of action
21   but rather under the heading "Theories, argument, and cases cited plaintiff, in pro per's Amended
22   Complaint."  Although the pleading is not entirely clear in this regard, these statements are sufficient
23   under the liberal standard for *pro se* litigants to withstand a motion to dismiss under Rule 12(b)(6).

24   Because this is Plaintiff's second attempt and second failure to follow the Court's directions,
25   the Court **ORDERS** Plaintiff's Second Cause of Action for Racial Profiling and the Unnumbered
26   Cause of Action for Violation of Penal Code § 132 **DISMISSED WITH PREJUDICE**.  However,

---

[1] "Every person who upon any trial, proceeding, inquiry, or investigation whatever, authorized or permitted by law, offers in evidence, as genuine or true, any book, paper, document, record, or other instrument in writing, knowing the same to have been forged or fraudulently altered or ante-dated, is guilty of felony."  California Penal Code § 132.

4

the Court **DENIES** Defendant's Motion to Dismiss as to the Substantive Due Process Claim.

**B.     Motion to Strike**

Federal Rule of Civil Procedure 12(f) permits the Court to "[strike] from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed.R.Civ.P. 12(f). The Ninth Circuit has held that "[t]he function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir.1993) (quotations, citation omitted). However, Rule 12(f) motions are generally disfavored. *See Neilson v. Union Bank of Cal., N.A.*, 290 F. Supp. 2d 1101, 1152 (C.D. Cal. 2003). Accordingly, such motions should be denied unless the matter has no logical connection to the controversy at issue and may prejudice one or more of the parties to the suit. *See SEC v. Sands*, 902 F. Supp. 1149, 1166 (C.D. Cal. 1995). In the absence of such prejudice, courts have denied Rule 12(f) motions "even though the offending matter literally [was] within one or more of the categories set forth in Rule 12(f)." Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure, § 1382 (1990) (quoted in *Rawson v. Sears Roebuck & Co*., 585 F. Supp. 1393, 1397 (D. Colo. 1984)). When considering a motion to strike, the court "must view the pleading in a light most favorable to the pleading party." *In re 2TheMart.com, Inc. Securities Litig*., 114 F. Supp. 955, 965 (C.D. Cal. 2000).

Defendant moves to strike under Rule 12(f) several parts of Plaintiff's complaint.[2] Although Defendant City does specify portions of the complaint that are offensive, Defendant does not offer any supporting authority or arguments beyond those that discuss the legal standard for a motion to strike. The Court therefore **DENIES** Defendant's Motion to Strike.

//

//

//

---

[2] Defendant characterizes the following sections of Plaintiff's SAC as "redundant, immaterial, impertinent, unnecessary, and, in some instances, in direct violation of the Court's order": Procedural Background (SAC at 4-7); Second Amended Complaint To the Court (SAC at 7); Table of Contents (SAC at 7-9); Table of Authorities (SAC at 9-10); Table of Cited Cases (SAC at 10-11); Summarization of Complaint (SAC at 11-14); Table of Exhibits A-M (SAC at 15-17); Statement of Evidentiary Exhibits (SAC at 19-24); Second Cause of Action – Prohibition of Racial Profiling (SAC at 28-35); Title 7 Penal Code Section 132 (SAC at 42-47); Theories, Arguments, and Cases Cited Plaintiff, in Pro Per's Amended Complaint (SAC at 47-52); and Substantive Due Process Claim (SAC at 52-53).

**CONCLUSION**

For the foregoing reasons, the Court **GRANTS IN PART AND DENIES IN PART** Defendant's Motion to Dismiss and **DENIES** Defendant's Motion to Strike.

**IT IS SO ORDERED.**

Dated: September 26, 2007

MARTIN J. JENKINS
UNITED STATES DISTRICT JUDGE

6