IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MARLON CRUMP,

    Plaintiff,

v.

CITY OF SAN FRANCISCO, et al.

    Defendant.

No. C06-07793 MJJ

**ORDER GRANTING MOTION FOR SUMMARY JUDGMENT**

## INTRODUCTION

Before the Court is Defendants The City and County of San Francisco ("the City"), Officer Angel Lozano ("Officer Lozano") and Officer Raymond Lee's ("Officer Lee") Motion for Summary Judgment. (Docket No. 75.) Plaintiff Marlon Crump ("Crump" or "Plaintiff") opposes the Motion.[1] For the following reasons, the Court **GRANTS** the Motion.

## FACTUAL BACKGROUND

The following facts are undisputed.

On October 7, 2005 at approximately 11:30 p.m., the Gas & Shop service station located at 599 South Van Ness Avenue was robbed. (Undisputed Facts ("UF") ¶ 1.) Witnesses told police the robbery was committed with a shotgun and described the suspect as a black male, wearing a long brown coat. (*Id.* ¶ 2.) At 11:35 or 11:40 p.m., Crump returned to the All Star Hotel, just two square

---

[1] Plaintiff submitted a 37-page Opposition without requesting leave of Court, in violation of Civ. L. R. 7-4(b). Finding no prejudice to Defendants, the Court considered the entire Opposition.

blocks from where the robbery occurred, wearing a dress shirt, black dress pants, black leather trench coat and street shoes. (*Id.* ¶¶ 3, 8; Lipton Decl., Exh. B, Crump Depo. ("Crump Depo") at 72-73.) At approximately 11:52 p.m., San Francisco Police Officers Lee and Lozano arrived at the All Star Hotel. (UF ¶ 3.) Officer Lee provided a description of the robbery suspect to the hotel's Resident Manager, Robert Williams ("Williams"). (*Id.* ¶ 4.) Williams informed Officer Lee that a person matching the description had entered the building not long before. (*Id.* ¶ 5.) Williams further identified that person as Plaintiff, who resided in room #41. (*Id.*) At approximately 11:57 p.m. Officers Lee and Lozano, along with five or six other officers, entered Plaintiff's room. (*Id.* ¶ 6; Crump Depo. at 94:6-9.) When they entered the room one of them told Plaintiff to put his hands in the air and Plaintiff immediately complied. (Crump Depo. at 94:15-19.) In the room, Plaintiff was handcuffed and an officer explained to Plaintiff that he matched the description of the robbery suspect. (UF ¶ 7.) Plaintiff's black, leather trench coat was on the bed when Officers Lee and Lozano entered the room. (*Id.* ¶ 8.) Plaintiff was taken to the lobby of the hotel and subsequently to the outside of the building where two "cold shows" were conducted. (*Id.* ¶ 9.) Plaintiff's handcuffs were removed and he was released and free to go at approximately 12:10 a.m. on October 8, 2005. (*Id.* ¶ 10.) Plaintiff was not physically injured as a result of this incident. (*Id.* ¶ 13.)

At all times during the investigation of the robbery Officers Lee and Lozano were acting within the scope of their employment with the San Francisco Police Department. (*Id.* ¶ 11.) At all times Plaintiff complied with the officer's orders. (*Id.* ¶ 12.)

On August 7, 2007 Plaintiff filed his Second Amended Complaint ("SAC"), which is the operative complaint in this action. (Docket No. 63.) In his SAC, Plaintiff asserts four numbered causes of action and two unnumbered causes of action. (SAC at 7-8.) The numbered causes of action are: (1) violation of Plaintiff's civil rights pursuant to 42 U.S.C. § 1983 against Officers Lozano and Lee, Does 1-100, and the City; (2) violations of the "End Racial Profiling Act of 2004" against Officers Lozano and Lee and the City; (3) assault and battery and excessive force against Officers Lee and Lozano; and (4) false detention, false arrest, false imprisonment and a violation of California Civil Code §§ 51.7 and 52.1 against Officers Lee and Lozano. (SAC at 25-44.) Plaintiff's unnumbered causes of action are: (1) falsifying evidence and bribing, influencing, intimidating, or

2

threatening witnesses in violation of California Penal Code § 132 and (2) a violation of Plaintiff's substantive due process rights. (SAC at 45-50.)

On September 26, 2007, the Court granted Defendants' Motion to Dismiss Plaintiff's second cause of action for racial profiling and Plaintiff's first unnumbered cause of action for a violation of California Penal Code § 132. (Docket No. 67.) Defendants now seek summary judgment on all remaining claims.

## LEGAL STANDARD

Rule 56(c) of the Federal Rules of Civil Procedure authorizes summary judgment if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). The moving party bears the initial burden of demonstrating the basis for the motion and identifying the portions of the pleadings, depositions, answers to interrogatories, affidavits, and admissions on file that establish the absence of a triable issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the moving party meets this initial burden, the burden then shifts to the non-moving party to present specific facts showing that there is a genuine issue for trial. Fed. R. Civ. P. 56(e); *Celotex*, 477 U.S. at 324; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986). The non-movant's bare assertions, standing alone, are insufficient to create a material issue of fact and defeat a motion for summary judgment. *Id.* at 247-48. An issue of fact is material if, under the substantive law of the case, resolution of the factual dispute might affect the case's outcome. *Anderson*, 477 U.S. at 248. Factual disputes are genuine if they "properly can be resolved in favor of either party." *Id.* at 250. Thus, a genuine issue for trial exists if the non-movant presents evidence from which a reasonable jury, viewing the evidence in the light most favorable to that party, could resolve the material issue in his or her favor. *Id.* "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Id.* at 249-50 (internal citations omitted).

## ANALYSIS

Defendants contend that Plaintiff has no evidence to support any of the allegations made in the SAC and that the material facts in this case demonstrate that none of Defendants' conduct amounts to claims upon which relief can be granted. (Defs.' Mem. of P. & A. at 1.) Plaintiff filed an

3

Opposition to this Motion, but provided no evidence to support his claims. Instead, he refers the Court to his SAC to provide support for his contentions.[2] (*See e.g.*, Plf.'s Opp. at 4:20-21.) He also quotes the Court's prior orders as support for his claims and states that he will provide evidence in the future. (*See, e.g.*, Plf.'s Opp. at 11; 14.) Despite the absolute lack of evidence submitted by Plaintiff, the Court will take each of Defendant's arguments in turn to determine if Defendant is entitled to summary judgment.

### I. Plaintiff Submits No Evidence to Sustain a Monell Claim Against The City

Plaintiff's first cause of action seeks to hold the City (in addition to the individual defendants) liable for a violation of his Constitutional rights. Defendants contend, however, that Plaintiff has no evidence that would allow the City to be found liable.

Local governments are not vicariously liable for the conduct of their employees under federal law. Instead, local governments are subject to liability under 42 U.S.C. § 1983 only where an official policy or custom causes a constitutional injury. *Monnell v. Dept. of Social Serv. of New York*, 436 U.S. 658, 690 (1987); *Christie v. Iopa*, 176 F.3d 1231, 1234-35 (9th Cir. 1999) (stating that municipalities can only be liable under § 1983 for actions taken pursuant to official municipal policy). The plaintiff must prove that, through its deliberate conduct, the City was the "moving force" behind the alleged injury. *See Board of County Comm'rs of Bryan County v. Brown*, 520 U.S. 397, 404 (1997). Proof of isolated incidents of unconstitutional behavior by employees is insufficient to establish a municipal policy or custom. *McDade v. West*, 223 F.3d 1135, 1141 (9th Cir. 2000). "Instead, it is when the execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injuries that [make] the government as an entity responsible under § 1983." *Monell*, 436 U.S. at 694.

Here, Plaintiff alleges that Officers Lee and Lozano, without probable cause, entered his room, pointed their guns at him, shouted obscenities at him, tore a hole in his leather jacket and detained him in handcuffs for two cold shows. Plaintiff provides no evidence of an official policy or

---

[2] Plaintiff, in his Opposition, references a set of "exhibits" that he filed along with his First Amended Complaint. Although Plaintiff did not attach these exhibits to the operative complaint, the SAC, nor are the exhibits authenticated, the Court finds that they would not alter the outcome of this Motion.

4

custom to which the complained-of conduct could be attributed. The City is therefore entitled to summary judgment on Plaintiff's first cause of action for alleged violation of his constitutional rights and the unnumbered final cause of action for alleged violation of his substantive due process.

## II. Plaintiff Submits No Evidence to Support the First Cause of Action: Violation of Civil Rights pursuant to 42 U.S.C. § 1983

Plaintiff's first cause of action also alleges a violation of Plaintiff's civil rights under the Fourth, Fifth and Fourteenth Amendments. Defendants move for summary judgment on this cause of action.

Defendants specifically contend that Plaintiff has completely failed to come forward with evidence supporting even the bare elements of an equal protection violation. (Plf.'s Mem. of P. & A. at 5.) "The Equal Protection Clause of the Fourteenth Amendment commands that no State shall deny to any person within its jurisdiction the equal protection of the laws, which is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985) (citation omitted). To state a claim under 42 U.S.C. § 1983 for a violation of the Equal Protection Clause, a plaintiff must offer evidence that the defendant acted with an intent or purpose to discriminate based upon her membership in a protected class. *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998). "Intentional discrimination means that a defendant acted at least in part *because of* a plaintiff's protected status." *Maynard v. City of San Jose*, 37 F.3d 1396, 1404 (9th Cir. 1994) (emphasis in original) (citation omitted).

Here, Plaintiff fails to offer any evidence that Defendants' intentionally discriminated against him or that their actions toward him were *because of* his membership in a protected class. Defendants are, therefore, entitled to summary judgment on this claim.

While Defendants do not discuss Plaintiff's other claims at length, Defendants did indeed move for summary judgment on all of Plaintiff's claims. The Court therefore considers whether Plaintiff has submitted evidence in support of his other § 1983 claims - violations of his Fourth and Fifth Amendment rights. The Fourth Amendment proscribes "unreasonable searches and seizures." U.S. Const. amend. IV; *Allen v. City of Portland*, 73 F.3d 232, 235 (9th Cir. 1995); *Franklin v. Foxworth*, 31 F.3d 873, 875 (9th Cir. 1994). In order to claim the protection of the Fourth

5

Amendment, one must "demonstrate that he personally has an expectation of privacy in the place searched, and that his expectation is reasonable." *Minnesota v. Carter*, 525 U.S. 83, 88 (1998).

The existence of probable cause is a major factor in determining the reasonableness of a search or seizure. *See United States v. Dunn*, 935 F.2d 1053, 1057 (9th Cir.). "Probable cause to arrest exists when under the totality of the circumstances known to the arresting officer, a prudent person would conclude that there is a fair probability that the arrestee had committed or is committing a crime." *Barlow v. Ground*, 943 F.2d 1132, 1135 (9th Cir. 1991), *cert. denied*, 505 U.S. 1206 (1992). The validity of the arrest "depends upon the objective facts and circumstances of the arrest, not upon the arresting officer's subjective intent." *United States v. Sayetsitty*, 107 F.3d 1405, 1414 (9th Cir. 1997) ("'Subjective intentions play no role in ordinary, probable-cause Fourth Amendment analysis'") (quoting *Whren v. United States*, 517 U.S. 806 (1996)).

Here, it is undisputed that the robbery occurred at approximately 11:30 p.m. The officers were provided with a description of the suspect and sought to find that person in the near vicinity. At around 11:35 p.m. Crump returned to the All Star Hotel, just two square blocks from where the robbery occurred, wearing a dress shirt, black dress pants, black leather coat and street shoes. (Crump Depo. at 72-73.) Shortly thereafter the officers arrived at the All Star Hotel and asked Williams, at the front desk, if anyone matching that description was in the hotel. Williams told them that Crump matched the description provided and gave the officers a key to his room. At 11:50 p.m. the officers entered Plaintiff's room with their guns drawn and arrested him. The officers handcuffed Crump but did not harm him. After two cold shows, and two negative identifications by witnesses, the officers let Crump go.

Plaintiff's detention here was made by officers acting under the color of law. In addition, the officers in this case, given the proximity of location and time, the similarity of the suspect's description and the critical fact that Williams directed the officers to Crump's room after hearing a description of the suspect, had probable cause to detain Crump. Crump offers no evidence to counter

this finding or put any of the key facts into dispute.[3] Thus, Plaintiff cannot establish a violation of the Fourth Amendment.

Finally, the Fifth Amendment prohibits a variety of actions by the government. Plaintiff, however, does not clarify what violation is at issue here, nor does he submit any evidence to support his claim. Defendants are, therefore, entitled to summary judgment on each of these claims.

### III. Plaintiff Submits No Evidence to Support the Third Cause of Action: Assault and Battery, Use of Firearms, Excessive Force

Plaintiff's SAC alleges that Officers Lee and Lozano individually, or in concert, subjected Plaintiff to be subjected to a non-consensual, non-privileged, offensive touching of his body constituting assault and battery against him. (SAC at 36.) Plaintiff clarifies in his Opposition to this Motion that the offensive touching occurred when Officers Lee and Lozano willfully disregarded his rights and shouted at him to put his "hands in the air, put them up now, motherfucker, put them up." (Plf.'s Opp. at 24.) Defendants contend that no assault, battery or excessive force can be proven on this record. (Defs.' Mem. of P. & A. at 6-7).

To prove a Fourth Amendment claim of excessive force "a plaintiff must show both that a seizure occurred and that the seizure was unreasonable. A seizure triggering the Fourth Amendment's protections occurs only when government actors have, by means of physical force or show of authority, . . . in some way restrained the liberty of a citizen." *Susag v. City of Lake Forest* 94 Cal. App. 4th 1401, 1414 (2002) (citations and quotations omitted). The basic elements of the tort of battery are any intentional, unlawful and harmful contact of one person by another. *Ashcraft v. King* (1991) 228 Cal. App. 3d 604, 611. Assault is the intentional harmful or offensive contact with another or putting a person in imminent apprehension of such a contact. Restatement (Second) of

---

[3] At oral argument Plaintiff referenced additional documents that he submitted to the Court with his original Complaint. The Court reviewed these documents to determine if Plaintiff could, if given additional time under Federal Rule of Civil Procedure 56(f), produce evidence that might preclude summary judgment. The only factual allegation in these documents that might change the outcome was contained in an unauthenticated letter from the Tenderloin Housing Clinic, which manages the All Star Hotel, to Plaintiff. The letter states that the officers entered the Hotel and asked Williams which way Plaintiff went, rather than, as is undisputed in this Motion, providing Williams with a description of the suspect. (*See* Complaint Exhibits.) This fact, if true, may change the Fourth Amendment analysis above. However, this fact contradicts the "Undisputed Facts" to which Plaintiff stipulated and other factual assertions in the "exhibits" attached to the original Complaint. In addition, at oral argument Plaintiff conceded that he could not secure a declaration from Williams or the Tenderloin Housing Clinic regarding the exchange between the officers and Williams. Therefore, a continuance of this Motion under Rule 56(f) would be futile.

7

Torts § 21(1).

A plaintiff bringing a claim against a police officer under California law for assault and battery has the burden of proving unreasonable force as an element of the tort. *Edson v. City of Anaheim* 63 Cal. App. 4th 1269, 1272 (1998). A finding that the force used by a peace officer was reasonable will negate a required element of the battery claim. *See Price v. County of San Diego*, 990 F. Supp. 1230 (S.D. Cal. 1998) ("Courts must give due regard to the fact that officers frequently make split-second judgments about the amount of force to use without the benefit of hindsight").

Here, Plaintiff testifies that he was not hurt by any of the officers during the incident and did not suffer any physical injury. (Lipton Decl., Exh. B., Crump Depo. ("Crump Depo") at 98:16-21; 158:23-25.) He testifies that the officers left a small rip in the right inside of his jacket and that he sought out trauma counseling after the event. (Crump Depo. at 158-159.)

As noted above, it is undisputed that the officers entered Crump's room with their guns drawn after Williams told them that a person matching the robbery suspect's description was in that room. It is also undisputed that an unnamed officer yelled to Crump to put his hands in the air. It is further undisputed that the officers handcuffed Crump and did not harm him. None of this evidence, however, shows that the use of force on Crump was anything but reasonable. Defendants are therefore entitled to summary judgment on Plaintiff's claims for assault, battery and excessive force.

### III. Plaintiff Submits No Evidence to Support the Fourth Cause of Action: False Detention, False Arrest, False Imprisonment

Defendants contend that there is no evidence to support Plaintiff's claims of false detention, arrest and imprisonment because Officers Lee and Lozano had probable cause to detain or arrest Plaintiff during their investigation of the armed robbery and, in any event, are protected by qualified immunity because their conduct was reasonable. The Court agrees.

"The tort of false imprisonment is the nonconsensual, intentional confinement of a person, without lawful privilege, for an appreciable length of time, however short." *City of Newport Beach v. Sasse*, 9 Cal. App. 3d 803, 810 (1970). If the constraint is made under color of law, there is no false imprisonment even if the constraint is wrongful. *Collins v. City & County of San Francisco*, 50 Cal. App. 3d 671, 677 (1975). The modern view is that a false arrest is one type of false

8

imprisonment in which the plaintiff was confined pursuant to an improper arrest. *Collins*, 50 Cal. App. 3d at 673; *Ogulin v. Jeffries*, 121 Cal. App. 2d 211, 216-17 (1953).

As discussed above, the evidence before the Court establishes that the officers had probable cause to detain Plaintiff. The facts do not suggest that the officers' conduct violated a constitutional right. Even if that was the case, Plaintiff offers no evidence that the officers' actions were anything but reasonable. On this record, therefore, the officers actions are also protected by qualified immunity. *See Saucier v. Katz*, 533 U.S. 194 (2001). Defendants are therefore entitled to summary judgment on this claim.

### III. Plaintiff Cannot Make Out a Claim Under California Civ. Code § 52.1

Plaintiff's Fourth cause of action appears to include a claim under Cal. Civ. Code § 52.1, which authorizes an action for damages and attorney fees against anyone who, "whether or not acting under color of law," interferes with an individual's constitutional rights. Defendants contend that Plaintiff cannot make out a claim under this provision and the Court agrees.

Section 52.1 is only applicable when a defendant intends by his or her conduct to interfere with a *separate*, affirmative right enjoyed by plaintiff. *See Jones v. Kmart Corp.* 17 Cal. 4th 329, 334 (1998) (Section 52.1 requires "an attempt to completed act of interference with a legal right, accompanied by a form of coercion."). It does not apply to plaintiff's allegation of use of excessive force absent a showing that the act was done to interfere with a separate state or federal constitutional right. *Id.* Plaintiff cannot establish a violation of § 52.1 on this record as Plaintiff provides no evidence of a violation of a separate state or federal constitutional right. Defendants are therefore entitled to summary judgment on this claim.

### IV. Plaintiff Submits No Evidence to Support his Unnumbered Cause of Action - Due Process Violation

Plaintiff claims that he suffered a due process violation, but does not specify what the violation was, nor does he provide any evidence of such a violation. Defendants are, therefore, entitled to summary judgment on this claim.

//

//

9

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendants' Motion for Summary Judgment on all claims. The Clerk of the Court is directed to close the file.

**IT IS SO ORDERED.**

Dated: December __, 2007

MARTIN J. JENKINS
UNITED STATES DISTRICT JUDGE