1
2
3
4
5
6
7
8          IN THE UNITED STATES DISTRICT COURT

9          FOR THE NORTHERN DISTRICT OF CALIFORNIA

10
11   MARLON CRUMP,                                    No. C06-07793 MJJ

12              Plaintiff,                            **ORDER DENYING PLAINTIFF'S
                                                      MOTION TO SET ASIDE THE**
13      v.                                            **JUDGMENT**

14   SF CITY OF,

15              Defendant.
                                              /
16

17                              **INTRODUCTION**

18          Before the Court is Plaintiff Marlon Crump's ("Plaintiff") Motion to Set Aside Judgment

19   ("Mot."). (Docket No. 86.) For the following reasons, the Court **DENIES** Plaintiff's Motion.

20                              **BACKGROUND**

21          On December 28, 2007 the Court granted summary judgment for Defendants City of San

22   Francisco, Officer Angel G. Lozano, Officer Raymond Lee, and Tenderloin Housing Clinic

23   (collectively "Defendants"). (Docket No. 84.) That order resolved all remaining claims alleged in

24   Plaintiff's Second Amended Complaint. (*Id.*)

25          While opposing Defendants' summary judgment motion, Plaintiff failed to present evidence

26   because he assumed that the Court would consider evidence which he had already submitted with

27   prior complaints. (*See id.* at 4 n.2, 7 n.3.) Although Plaintiff did not properly submit that evidence

28   with his summary judgment motion, the Court nonetheless reviewed it, and found that considering

     the evidence would not alter the Court's decision. (*See id.*) Now, citing Federal Rules of Civil

Procedure 60(b)(1) and 60(b)(6), Plaintiff asks the Court to set aside its judgment, allow him to submit the evidence in question, and reconsider Defendants' motion for summary judgement. (Mot. at 4.)

## LEGAL STANDARD

Federal Rules of Civil Procedure Rule 60(b) allows courts to "relieve a party or its legal representative from a final judgment . . . [that was due to] mistake, inadvertence, surprise, or excusable neglect . . . [or] any other reason that justifies relief. " Fed. R. Civ. P 60(b). However, granting a 60(b) motion is discretionary, and courts need not grant the motion unless the movant has a potentially meritorious claim. *Teamsters, Chauffeurs, Warehousemen and Helpers Union, Local No. 59 v. Superline Transp. Co. Inc.*, 953 F.2d 17, 20 (1st Cir. 1992) (denying a 60(b) motion in order to avoid "an empty exercise"); *accord Cassidy v. Tenorio*, 856 F.2d 1412 (9th Cir. 1988) (requiring a "colorable claim to a meritorious defense"); *see also* 12 James Wm. Moore et al., Moore's Fed. Practice ¶ 60.24 (3d ed. 2007).

## DISCUSSION

In the present case, Plaintiff moves to set aside the judgment so that he may present evidence that the Court already considered. (*See* Docket No. 84 at 4 n.2, 7 n.3.) When reviewing that evidence in the context of Defendant's motion for summary judgment, the Court found that its submission would not have allowed Plaintiff to prevail. (*Id.*) Accordingly, Plaintiff does not have a potentially meritorious claim, and the Court sees no reason to set aside the judgment per Rule 60(b). *See Teamsters*, 953 F.2d at 20.

## CONCLUSION

For the foregoing reasons, the Court **DENIES** Plaintiffs Motion.

**IT IS SO ORDERED.**

Dated: March 3, 2008

MARTIN J. JENKINS
UNITED STATES DISTRICT JUDGE